U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 29 2015

CLERK, U.S. DISTRICT COURT
By _____
           Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| USHEALTH GROUP, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:14-CV-757-A |
| | § | (Consolidated with |
| WILLIAM OLIVER SOUTH, | § | NO. 4:14-CV-758-A and |
| JERRY D. BLACKBURN, AND | § | NO. 4:14-CV-759-A) |
| GUSTAVO FRAGA, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of plaintiff, USHEALTH Group, Inc., to dismiss the counterclaim asserted by defendants, William Oliver South, Jerry D. Blackburn, and Gustavo Fraga. The court, having considered the motion, the response of defendants, the reply, the record, and applicable authorities, finds that the motion should be granted.

I.

Disputes Between the Parties

This action concerns the alleged failure of defendants to comply with material terms of conditional offer letters that allowed defendants to participate in plaintiff's Equity Incentive Plan ("EIP") (also referred to as the "Restricted Stock Plan").

Separately, the parties are engaged in arbitration regarding disputes arising from defendants' employment by subsidiaries of

plaintiff, USHEALTH Career Agency, Inc. ("USHEALTH Career"), and Small Business Insurance Advisors, Inc. ("SBIA").

The court's memorandum opinion and order of February 4, 2015, by which the court denied defendants' motion to compel arbitration, sets out the contentions of the parties more fully.

## II.

## The Counterclaim

On April 10, 2015, defendants filed their consolidated answer and affirmative defenses and counterclaim (hereinafter "Defs.' Countercl."). The counterclaim first seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 that (a) SBIA is the mere alter ego of plaintiff; (b) defendants' entitlement to participate in the EIP was directly conditioned on their performance under an Independent Marketing Organization Agreement ("Agreement") with SBIA, and (c) plaintiff has unclean hands due to its making an agreement to arbitrate with defendants and thereafter filing the instant action. In addition, defendants assert a claim for abuse of process, alleging that this action is designed to disrupt the ongoing arbitration between the parties.

## III.

## Grounds of the Motion

Plaintiff urges that the court should decline to exercise its discretion to grant the declaratory relief. In particular,

plaintiff says that the matters to be declared are advisory in nature because they do not affect claims asserted in this action, but rather go to the arbitration. Plaintiff further urges that the claim for abuse of process is insufficient because no process is identified, plaintiff's alleged ulterior motive does not matter, and defendants have not pleaded an actual injury.

IV.

Applicable Standard of Review

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal,

3

556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

V.

Analysis

A.  Declaratory Judgment

The Declaratory Judgment Act is an enabling act that confers discretion on the courts, rather than absolute rights on litigants. Sherwin-Williams Co. v. Holmes County, 343 F.3d 383, 389 (5th Cir. 2003). As the Supreme Court has explained, there is

nothing automatic or obligatory about accepting jurisdiction to hear a declaratory judgment action. <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 277, 288 (1995).

> If a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before staying or dismissing the action.

<u>Id.</u>

The Fifth Circuit has instructed district courts to use a three-step analysis in determining whether to entertain requests for declaratory judgment. <u>Orix Credit Alliance, Inc. v. Wolfe</u>, 212 F.3d 891, 895 (5th Cir. 2000). First, the court determines whether the case is justiciable, that is, whether there is a substantial controversy of immediacy and reality. <u>Id.</u>, 212 F.3d at 896. Second, the court determines whether it has the authority to grant a declaratory judgment. <u>Id.</u> at 895 (citing <u>Travelers Ins. Co. v. Louisiana Farm Bureau Fed., Inc.</u>, 996 F.2d 774 (5th Cir. 1993)(explaining that declaratory judgment would not be appropriate where a declaratory defendant had previously filed a state court action involving the same issues and the federal court would be prohibited from enjoining the state proceedings)). Third, the court has to determine how to exercise its broad discretion to decide or dismiss the declaratory judgment action. <u>Id.</u>

Here, plaintiff does not argue that the court lacks authority to grant a declaratory judgment. Instead, plaintiff urges that the counterclaim is not justiciable as the matters defendants seek to have determined are not relevant to plaintiff's claims. And, plaintiff focuses on the third element, the court's discretion. In that regard, it notes that the Fifth Circuit has set forth the following (nonexclusive) factors to consider in determining whether to dismiss a declaratory judgment action: (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated, (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, (3) whether the plaintiff engaged in forum shopping in bringing the suit, (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist, (5) whether the federal court is a convenient forum for the parties and witnesses, (6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy, and (7) whether the federal court is being called on to construe a state court judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending. St. Paul Ins. Co. v. Trejo, 39 F.3d 585, 590-91 (5th Cir. 1994).

This case is unusual in the sense that there is not a pending or threatened state court case that any party is seeking to avoid. There is, however, a pending arbitration involving defendants and SBIA. Such arbitration is properly considered, like a pending state court action, in determining whether to proceed with a declaratory judgment suit. See Khan v. Orthosynetics, Inc., No. 14-1650, 2014 U.S. Dist. LEXIS 149856, *5-6 (E.D. La. Oct. 20, 2014). The matters on which defendants seek declarations are all better suited for determination in the arbitration proceeding, which is obviously a convenient forum as defendants insisted on it. The federal court is no more or less convenient than the arbitration forum. Resolving the issues here will not further judicial economy. Further, the court has denied defendants' motion to compel arbitration of plaintiff's claims here. The denial of that motion is on appeal and it occurs to the court that involving itself in the declarations sought by defendants could amount to an interference with the appellate court's jurisdiction. Accordingly, the court is satisfied that it would be proper to decline to exercise its jurisdiction and to dismiss the counterclaim for declaratory relief.[1]

---

[1] The court notes, in any event, that the request for a declaration as to plaintiff's unclean hands is frivolous, as the court has already determined that plaintiff did not obligate itself to arbitrate any issues with defendants. 2/4/15 Mem. Op. at 31-36.

B. <u>Abuse of Process</u>

The other part of defendants' counterclaim is for abuse of process. The elements of a claim for abuse of process under Texas law are: (1) defendant made an illegal, improper, or perverted use of process, neither warranted nor authorized by the process; (2) the defendant had an ulterior motive or purpose in exercising such use; and (3) the plaintiff suffered injury as a result of the illegal act. <u>RRR Farms, Ltd. v. Am. Horse Protection Ass'n, Inc.</u>, 957 S.W.2d 121, 133 (Tex. App.-Houston [14th Dist.] 1997, pet. denied). By "abuse" is meant that the process was properly issued, but later used for a purpose for which it was not intended. <u>Martinez v. English</u>, 267 S.W.3d 521, 529 (Tex. App.-Austin 2008, pet. denied). To constitute abuse, process must be used to accomplish an end beyond the purview of the process and which compels a party to do a collateral thing that he would not be compelled to do. When process is used for the purpose for which it is intended, even though accompanied by an ulterior motive, no abuse occurs. <u>Detenbeck v. Koester</u>, 886 S.W.2d 477, 481 (Tex. App.-Houston [1st Dist.] 1994, no writ).

In this case, defendants' only allegation with regard to process-if it can even be considered as regarding process-is that plaintiff "commenced the Action below by filing three virtually identical claims against [defendants] in the District Court of

8

Tarrant County, Texas claiming that [defendants] were never entitled to participate in the EIP Plan." Defs.' Countercl. at 14, ¶ 18. If the court assumes that the process was citations issued as part of the commencement of the state court action, as a matter of law, there could have been no abuse. Defendants do not allege any facts to show that any process was used for a purpose for which it was not intended.[2]

Inasmuch as defendants have done nothing more than recite the elements of a cause of action for abuse of process along with legal conclusions, dismissal is appropriate. Twombly, 550 U.S. at 550 & n.3; Iqbal, 556 U.S. at 678. They simply have not pleaded sufficiently to state a plausible cause of action.

VI.

Order

For the reasons discussed herein,

The court ORDERS that plaintiff's motion to dismiss defendants' counterclaim be, and is hereby, granted and defendants' counterclaim be, and is hereby, dismissed.

---

[2]If defendants are alleging that wrongful intent caused the process to be issued, the claim is for malicious prosecution, Martinez v. English, 267 S.W.2d 521, 529 (Tex. App.–Austin 2008, pet. denied), which they have not pleaded.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the dismissal of the counterclaim.

SIGNED May 29, 2015.

_____
JOHN McBRYDE
United States District Judge