U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN 2 9 2016

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| USHEALTH GROUP, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:14-CV-757-A |
| | § | (Consolidated with |
| WILLIAM OLIVER SOUTH, | § | NO. 4:14-CV-758-A and |
| JERRY D. BLACKBURN, AND | § | NO. 4:14-CV-759-A) |
| GUSTAVO FRAGA, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of plaintiff, USHealth

Group, Inc., for partial summary judgment. The court, having

considered the motion, the response of defendants, William Oliver

South, Jerry D. Blackburn, and Gustavo Fraga, the record, and

applicable authorities, finds that the motion should be granted

in part.

I.

Background

The facts giving rise to this action are fully set forth in

the court's February 4, 2015, memorandum opinion and order.

Briefly, defendants made representations to plaintiff to be able

to participate in plaintiff's Equity Incentive Plan ("EIP"). In

reliance on their representations, plaintiff issued defendants

shares of its restricted common stock . Defendants were

subsequently terminated from employment by a subsidiary of

plaintiff, and, consequently, plaintiff repurchased the stock from defendants as it was allowed to do under the EIP. Defendants questioned the value paid and plaintiff's right to buy back the stock. Plaintiff then alleged that defendants had committed acts that would have prevented them from participating in the EIP in the first place. Plaintiff asserts claims against defendants for breach of contract, breach of warranties and covenants, waiver, release, and accord and satisfaction, and seeks a declaratory judgment as to each defendant's rights or claims with regard to the shares of stock issued to him. In addition, plaintiff asserts claims against Fraga and Blackburn for fraud and unjust enrichment.

II.

Grounds of the Motion

Plaintiff now seeks partial summary judgment as to its request for declaratory relief and claims of waiver, release, and accord and satisfaction.[1] Specifically, plaintiff asks the court to declare that: (1) its repurchase of all shares of restricted common stock was proper; and (2) none of the defendants has any equitable or legal right or claim concerning such shares of stock, including any claim of entitlement to any post-repurchase

---

[1] The court notes that these are not really claims, but affirmative defenses. See Ulico Cas. Co. v. Allied Pilots Ass'n, 262 S.W.3d 773, 778 (Tex. 2008); Harris v. Rowe, 593 S.W.2d 303, 306 (Tex. 1979).

2

increase in value of stock, because each defendant accepted payment by plaintiff for the repurchase. In addition, buried in the motion is a request for an award of attorney's fees under Texas law regarding declaratory judgments.

## III.

### Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. Id. at 324; see also Fed. R. Civ. P. 56(c) ("A party

3

asserting that a fact . . . is genuinely disputed must support

the assertion by . . . citing to particular parts of materials in

the record . . . ."). If the evidence identified could not lead

a rational trier of fact to find in favor of the nonmoving party

as to each essential element of the nonmoving party's case, there

is no genuine dispute for trial and summary judgment is

appropriate. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>,

475 U.S. 574, 587, 597 (1986). In <u>Mississippi Prot. & Advocacy</u>

<u>Sys., Inc. v. Cotten</u>, the Fifth Circuit explained:

> Where the record, including affidavits,
> interrogatories, admissions, and depositions could not,
> as a whole, lead a rational trier of fact to find for
> the nonmoving party, there is no issue for trial.

929 F.2d 1054, 1058 (5th Cir. 1991).

The standard for granting a motion for summary judgment is

the same as the standard for rendering judgment as a matter of

law.[2] <u>Celotex Corp.</u>, 477 U.S. at 323. If the record taken as a

whole could not lead a rational trier of fact to find for the

non-moving party, there is no genuine issue for trial.

<u>Matsushita</u>, 475 U.S. at 597; <u>see also</u> <u>Mississippi Prot. &</u>

<u>Advocacy Sys.</u>, 929 F.2d at 1058.

---

[2]In <u>Boeing Co. v. Shipman</u>, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc), the Fifth Circuit explained the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict.

IV.

Analysis

Defendants do not dispute the facts as set forth by plaintiff. Rather, they argue that plaintiff is not entitled to relief under the Texas Declaratory Judgments Act, which is the only basis for declaratory relief urged in plaintiff's amended complaint. Plaintiff urges that the court can grant declaratory relief under federal law, but does not want to relinquish its claim to attorney's fees under the state act.

The undisputed summary judgment evidence shows: In 2006, plaintiff entered into separate letter agreements with each of the defendants through which each accepted participation in the EIP. Pursuant to the letter agreements and EIP plan document, plaintiff issued shares of stock to each defendant, which each defendant accepted in March 2010 and November 2010. In August 2011, Small Business Advisors, Inc. ("SBIA") and each defendant executed an Independent Marketing Organization Agreement ("IMOA"), which provided that it could be terminated without cause on thirty days' written notice. On or about March 9, 2012, SBIA sent notice of termination of the IMOA to each defendant.[3] Pursuant to the EIP, after SBIA terminated the IMOAs, plaintiff

---

[3] The propriety of the termination is the subject of arbitration between defendants and SBIA. This court denied, and the Fifth Circuit confirmed the denial of, defendants' motion to compel plaintiff to submit the claims asserted in this action to arbitration.

had the right to repurchase the stock from defendants. Plaintiff paid defendants $.22 per share and defendants surrendered their stock certificates to plaintiff. Defendants do not contest the value plaintiff placed on the stock in its repurchase. Doc.[4] 81 at 8.

Of further importance to the motion, following the denial of defendants' motion to compel arbitration, see n.3, the court ordered plaintiff to replead. Defendants filed a counterclaim along with their answer to the repleaded complaint. Doc. 49. Plaintiff filed a motion to dismiss the counterclaim, Docs. 52, which the court granted. Doc. 58. The court rendered a separate final judgment as to the dismissal. Doc. 59. Defendants did not appeal from that judgment.

By its motion, plaintiff seeks judgment that defendants cannot obtain any relief from it based on or related to the stock, including the repurchase, under the EIP. Defendants urge that there is nothing to declare and no justiciable issue in that regard, because they are not asserting any such claims against plaintiff in this action. Further, they argue that any determination in this regard would interfere with the pending arbitration between defendants and SBIA. In other words, although the argument is somewhat convoluted, defendants appear to be

---

[4] The "Doc." reference is to the number of the item on the court's docket in this action.

6

saying that the request for declaratory relief fails the first and third steps of the three-step analysis the court undertakes in determining whether to entertain requests for declaratory judgment, as described in the court's May 29, 2015 memorandum opinion and order. Doc. 58 (citing <u>Orix Credit Alliance, Inc. v. Wolfe</u>, 212 F.3d 891, 895 (5th Cir. 2000)). The court is not persuaded.

First, although defendants urge that they do not dispute the value per share paid to them by plaintiff under the EIP, they have not abandoned the position that plaintiff and SBIA somehow conspired against them or plaintiff otherwise engaged in wrongful conduct to cause their termination by SBIA and consequent repurchase of shares. <u>See, e.g.</u>, Docs. 26 & 28. Thus, there is a justiciable controversy regarding any potential liability of plaintiff to defendants arising out of the EIP and stock repurchase. Further, the matter at issue here-that is, plaintiff's liability, if any, to defendants--is not the subject of the arbitration, because plaintiff is not a party to the arbitration. Accordingly, a declaration of the nature sought by plaintiff is appropriate.

Plaintiff has established that it repurchased the stock in accordance with the EIP. If defendants contended that they had any claim against plaintiff arising out of the EIP or the

repurchase, they should and could have asserted it here.[5] Fed. R. Civ. P. 13(a). They chose not to do so. Further, based on their acceptance of the purchase price and relinquishment of the shares, defendants have-by waiver, release, or accord and satisfaction-given up any claim against plaintiff related to the stock repurchase. They do not argue, nor have they presented any summary judgment evidence, to the contrary. Plaintiff is entitled to declaratory relief.

Finally, the court notes that the law is clear that the Texas statute is a procedural one that does not provide a substantive basis for an award of attorney's fees here. Utica Lloyd's of Tex. v. Mitchell, 138 F.3d 208, 210 (5th Cir. 1998).

V.

Order

The court ORDERS that plaintiff's motion for partial summary judgment be, and is hereby, granted in part, and the court ORDERS and DECLARES that defendants do not have any claim against plaintiff arising out of the EIP or plaintiff's repurchase of stock from defendants under the EIP. The court ORDERS that the

---

[5]As stated, the court denied defendants' motion to compel plaintiff to arbitrate the claims asserted in this lawsuit. Plaintiff is not a party to the arbitration and it is puzzling that defendants appear to believe that the arbitration will somehow be binding on plaintiff or determine claims against it.

motion for partial summary judgment be, and is hereby, otherwise
denied.

SIGNED January 29, 2016.

_____
JOHN McBRIDE
United States District Judge